**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4992**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

KENNETH ASHE,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.   Martin K. Reidinger, District Judge. (2:12-cr-00033-MR-DLH-2)

_____

Submitted: August 28, 2014         Decided: September 9, 2014

_____

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Carol A. Bauer, Morganton, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Kenneth Ashe pled guilty to conspiracy to possess with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). The district court sentenced Ashe to eighty-seven months' imprisonment. Ashe timely appealed.

Ashe's sole argument on appeal is that he was denied effective assistance of counsel because none of his three attorneys moved for a competency evaluation, see 18 U.S.C. § 4241(a) (2012), prior to seeking to withdraw from representation. This, according to Ashe, resulted in a violation of his Sixth Amendment right to counsel, as he ultimately proceeded pro se at sentencing.[*]

Except where the record conclusively establishes counsel's ineffective assistance, such claims generally are not cognizable on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Rather, to allow for adequate development of the record, ineffective assistance of counsel claims are usually more appropriately pursued in a 28 U.S.C. § 2255 (2012) motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

---

[*] Ashe does not appeal the magistrate judge's decision to grant his request to represent himself pro se or assert that he was incompetent to make such a request.

2

On this record, we cannot conclusively say that any of Ashe's attorneys were ineffective in failing to move the court for an evaluation of Ashe's competency prior to seeking to withdraw from representation. See generally United States v. Banks, 482 F.3d 733, 743 (4th Cir. 2007) (opining that the duty to hold a competency hearing should not "be expanded to require such a hearing any time that a defendant engages in disruptive tactics or pursues a frivolous legal strategy"). We therefore decline to consider this argument on appeal. Accordingly, we affirm the district court's criminal judgment. We deny as moot Ashe's pro se motion for bail or release pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED